Santiago R. Roble, etc., et al., Petitioners and Appellants, v. Cipriana Pellot, Respondent and Appellee.

No. 5535. Argued June 19, 1931.—Decided November 22, 1932.

*J. B. García Méndez* for appellants. *A. Miranda* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

Santiago R. Roble purchased in October, 1927, the parcel of land which is the object of this proceeding, at a public sale held by the Collector of Internal Revenue of Aguadilla to collect taxes owed thereon by Cipriana Pellot. The collector notified Cipriana Pellot of the sale and delivered a certificate thereof to Santiago R. Roble. The latter subsequently sold and undivided interest in said parcel to Attorney Juan B. García Méndez. Two months after the expiration of the year allowed Cipriana Pellot by law to redeem the property, which she failed to do, Roble and García Méndez instituted dominion title proceedings in the District Court of Aguadilla alleging that they, together with the former owners, Cipriana Pellot, Epifania Duprey Reina, Celestina Reina and Juan Cantalicio Reina, have been in possession

of the property as owners openly, peacefully, and uninterruptedly for more than thirty years, and that they lack a recordable written title. Cipriana Pellot contested the petition claiming, among other things, that she is the one in possession of the property. The district court heard the evidence and dismissed the petition because the petitioners were not in actual possession of the parcel of land. This appeal has been taken from that judgment.

The question to be decided is whether Roble and García Méndez are in possession of the parcel purchased by the former at the tax sale, for if they are in possession, then, the evidence is clear that, by adding their period of possession to that of the persons hereinbefore mentioned, the time required by law has elapsed and the legal requirements prescribed for adjudging in their favor the ownership of the property by virtue of the extraordinary prescription of thirty years have been complied with. The evidence also shows that Roble and García Méndez have title to the property as a result of the purchase made by the former and by the undivided interest therein acquired by the latter; that they have not performed any act of actual possession of the property and that after the sale made by the Collector, Cipriana Pellot has continued living on the property in a small house thereon, not in the name of the appellants, but as she was doing before.

In dominion title proceedings prosecuted in the manner prescribed by section 395 of the Mortgage Law, in order that title to real estate may be acquired by prescription of thirty years, as sought in the case at bar, it is necessary to prove the enjoyment of possession for that time as owner openly, peacefully, and without interruption, the present possessor being allowed to add to his period of possession that of his predecessor in interest. Sections 1859 and 1860, Civil Code, 1930 edition.

In proceedings of this nature, the judgment to be rendered is that title is acquired by possession, and not that the petitioner has the right of possession because he has title to the property; therefore actual possession must be proved and not the right of possession. For this reason actual possession of the real property is necessary.

In accordance with section 1351 of the same code, a deed of sale is equivalent to the delivery of the thing which is the subject matter of the contract unless the contrary appears or may be inferred from such deed, but that constructive delivery does not constitute the actual possession required in order to adjudicate ownership by prescription. In the case of *Martínez* v. *Colón,* 35 P.R.R. 689, the petitioner purchased real estate by public deed and this Court held that the court below was correct in stating that in order to obtain dominion title, the petitioner was required to prove his actual possession; and we also said: "Before a claim for dominion title may be set up the petitioner must be in actual possession." In the case of *García* v. *Altuna,* 17 P.R.R. 435, which was a revendication suit, although the plantiff had a dominion title recorded in the registry of property as a result of dominion title proceedings, it was held that he had no right to revendicate the parcel of land the object of the suit because he was not in actual possession of the property alleged to be his and, on the contrary, that the defendants had been in possession for more than thirty years. It was also held in the case of *Pérez* v. *Colón,* 40 P.R.R. 380, that under section 1365 of the Civil Code, which is section 1351 of the 1930 edition, constructive delivery is not sufficient in cases of prescription.

For the foregoing reasons, the judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.